[Civ. No. 3049. First Appellate District, Division Two.—November 24, 1919.]

C. O. JEWELL, Appellant, v. J. J. GOMES et al., Defendants; THOMAS W. COSTELLO et al., Respondents.

[1] SALES—ACCELERATION OF PAYMENT BY RESALE—DUTY OF VENDOR. Where a contract for the sale on certain specified terms of an interest in an agency for automobile tires provides that, should the purchasers sell the business, all the balance under the contract shall become and be immediately due and payable, and the purchasers in said contract agree that they are jointly and severally bound and obligated to pay the said balance on demand, upon the subsequent sale of the business by such purchasers, it is not necessary for the original vendor to notify them that he will hold them bound to the terms of their contract.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Reversed.

The facts are stated in the opinion of the court.

Fry & Jenkins for Appellant.

Hugh J. Doherty, Owen D. Richardson and Geo. C. W. Egan for Respondents.

BRITTAIN, J.—The plaintiff appeals from a judgment against him in a suit against J. J. Gomes, A. J. Martin, Thomas W. Costello, and Thomas J. Henderson, to recover on a contract for the balance of the purchase price of his interest in a business carried on in the name of the Gomes-Jewell Tire Company. The defendants, Costello and Hen-

derson, were awarded a judgment for costs, and are the respondents. No brief has been filed in their behalf.

[1] Under an agreement with the Aero Cushion Tire Company, a corporation, George A. Le Doux, C. O. Jewell, and J. J. Gomes acquired an agency for the sale of automobile tires. Shortly after this contract was made Jewell, as party of the first part, entered into a contract with the defendants, reciting the sale of his interest in the business for $1,635.15, of which five hundred dollars was represented by a promissory note payable in ninety days, and the balance, $1,135.15, was to be paid from five per cent portions of the gross sales of the aero cushion inner tire under the first contract mentioned, the partial payments to be made at stipulated times. The contract then provided: "In case the parties of the second part should, through their own fault, cease to make sales of said tires, or should sell their said business of selling and handling the same, then in either of said events, all of said sum of $1,135.15 then unpaid, shall become and be immediately due and payable and the parties of the second part hereby agree that they are jointly and severally bound and obligated to pay the said balance of said sum of $1,135.15 on demand." Henderson and Costello answered, admitting the allegation that the defendants had sold the business. The court made findings in accordance with the allegations of the complaint, and further found "That at the time of the sale by said defendants, J. J. Gomes, A. J. Martin, Thomas W. Costello and Thomas J. Henderson, of their business of selling and handling the said tires of the Aero Cushion Tire Company, a corporation, the plaintiff Jewell was advised of the intentions of said defendants to sell said business to the said Porous Rubber Tire Co., and did not at said time, or any other time, make any objection to the sale or transfer by said defendants of their said business and of their rights under said Exhibit B to the said Porous Rubber Tire Co., and did not at said time, inform the defendants, or any, or either of them, that if they did so that he would require of the defendants that they pay the whole of said sum of Eleven Hundred Thirty-five and 15/100 Dollars provided to be paid by Exhibit B in the event that said business should be sold; that it is not true that the Porous Rubber Tire Co. ever assumed the obligations of the defendants Gomes, Mar-

tin, Costello and Henderson, or either of them, under said contract with plaintiff, and plaintiff did not waive all or any of his rights against said Gomes, Martin, Costello and Henderson otherwise than by his failure to notify the defendants that if they transferred their business to the Porous Rubber Tire Co. that he, plaintiff, would require the payment of the said sum of Eleven Hundred Thirty-five and 15/100 Dollars by Exhibit B to be paid in the event that defendants sold or transferred their said business.''

The appeal is on the judgment-roll alone. Despite the rule that every inference will be indulged in to support a judgment, the finding above quoted shows the decision was based solely on the ground that the plaintiff did not inform the defendants that he would hold them bound to the terms of their contract. Such notice was not necessary and would have added nothing to the obligations of the contract itself. (10 R. C. L., p. 692, sec. 21; *Deane* v. *Gray Bros.*, 109 Cal. 433, [42 Pac. 443].) As well might the maker of a promissory note be relieved of liability because its holder did not notify him that he would be held to the terms of the note. The defendants did not plead estoppel, and the finding cannot be sustained upon that ground. (*Burk* v. *City of Santa Cruz*, 163 Cal. 807, [127 Pac. 154]; *Chapman* v. *Hughes*, 134 Cal. 641, [58 Pac. 298, 60 Pac. 974, 66 Pac. 982].)

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.